IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TUSCASA GESTION S.L., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-1399 (MN) |
| | ) |
| VANESSA RESEARCH HOLDINGS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM ORDER

At Wilmington, this 13th day of August 2025;

WHEREAS, on September 1, 2022, and October 1, 2023, Plaintiff Tuscasa Gestion S.L. ("Plaintiff") entered into two loan agreements ("the Loan Agreements") with Defendant Vanessa Research Holdings, Inc. ("Defendant") (D.I. 1, Exs. A & C);

WHEREAS, on December 20, 2024, Plaintiff filed a complaint for breach of the Loan Agreements against Defendant to recover two outstanding debts ("the Complaint") (D.I. 1), a copy of which was duly served on Defendant on December 26, 2024 (D.I. 5);

WHEREAS, as of January 16, 2025, the deadline to move or otherwise respond to the Complaint, Defendant did not answer, file a responsive pleading, or otherwise appear (*see* D.I. 6-1 ¶¶ 10-12; D.I. 9 ¶¶ 3-5; D.I. 11 ¶¶ 7-9);

WHEREAS, on March 12, 2025, Plaintiff filed a Request for Entry of Default as to Defendant (D.I. 6), a copy of which was duly served on Defendant on March 13, 2025 (D.I. 8);

WHEREAS, on March 28, 2025, the Clerk of Court entered a Clerk's Entry of Default as to Defendant (D.I. 9), a copy of which was duly served on Defendant by April 14, 2025 (D.I. 10);

WHEREAS, on May 8, 2025, Plaintiff filed a motion for default judgment (D.I. 11), a copy of which was duly served on Defendant by May 9, 2025 (D.I. 13); and

WHEREAS, Defendant has neither responded to the motion nor taken any other action in this case (*see* D.I. 6-1 ¶¶ 10-12; D.I. 9 ¶¶ 3-5; D.I. 11 ¶¶ 7-9).

THEREFORE, IT IS HEREBY ORDERED that, for the reasons set forth below, Plaintiff's motion for default judgment against Defendant (D.I. 11) is **GRANTED**.

1.  "Entry of default judgment is a two-step process." *Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010).  First, the plaintiff must request that the Clerk of Court enter a default against the defendant that has failed to answer the pleading or otherwise defend itself.  *Id.*; Fed. R. Civ. P. 55(a).  After default has been entered by the Clerk, a plaintiff may obtain a default judgment.  Fed. R. Civ. P. 55(b); *Talley v. Clark*, 111 F.4th 255, 262 n.2 (3d Cir. 2024).  If the movant seeks relief in the form of a sum certain, it may obtain a default judgment from the Clerk.  Fed. R. Civ. P. 55(b)(1); *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1147 (3d Cir. 1990).  Otherwise, "the party seeking default judgment must apply to the court for an entry of default judgment." *Tristrata*, 270 F.R.D. at 164; Fed. R. Civ. P. 55(b)(2).

2.  Courts have discretion over whether to enter a default judgment in a particular case. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).  The Court considers three factors in determining if default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).  For purposes of that determination, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *PPG Indus. Inc v. Jiangsu Tie Mao Glass Co. Ltd*,

47 F.4th 156, 161 (3d Cir. 2022) (citation omitted). With respect to damages, the plaintiff must prove its entitlement to the award it seeks. *Id.*

3. As to the first factor, the Complaint asserts two claims for breach of contract. (D.I. 1). It plausibly alleges the formation of the two Loan Agreements between Plaintiff and Defendant in 2022 and 2023, breaches by Defendant by virtue of nonpayment, and resulting damages to Plaintiff in the form of the outstanding debt. (*Id.* & Exs. A-C). Taking the Complaint's allegations as true, Plaintiff "would suffer prejudice by being deprived of the recovery of a significant sum of money." *Insight Invs., LLC v. Bos. Mkt. Corp.*, No. 23-1077 (GBW), 2024 WL 1637320, at *3 (D. Del. Apr. 16, 2024).

4. Second, Defendant has not answered or rebutted the claims in the Complaint. (*See* D.I. 6-1 ¶¶ 10-12; D.I. 9 ¶¶ 3-5; D.I. 11 ¶¶ 7-9). Therefore, "[i]t is not apparent that [Defendant] has a litigable defense given its failure to respond to the action." *J & J Sports Prod., Inc. v. M&I Hosp. of Delaware Inc.*, No. 15-353 (MN), 2018 WL 6040254, at *2 (D. Del. Nov. 19, 2018); *Skeway v. China Nat. Gas, Inc.*, No. 10-728 (RGA), 2015 WL 451435, at *1 (D. Del. Jan. 30, 2015).

5. Third, "[d]espite being properly informed and served, Defendant has failed to participate in this action." *Ilyich Mariupol Iron & Steel Works v. Argus Devs. Inc.*, No. 12-832 (LPS), 2013 WL 1222699, at *2 (D. Del. Mar. 26, 2013). It "has no reason for its failure to abide by the parties' contracts, nor any excuse for its failure to appear." *Insight*, 2024 WL 1637320, at *3. Accordingly, "it can be inferred that the 'delay is due to culpable conduct.'" *M&I Hosp.*, 2018 WL 6040254, at *2 (quoting *Skeway*, 2015 WL 451435, at *1). Therefore, a judgment of default is warranted.

6.       As to damages, the Complaint alleges that Defendant's breach of the Loan Agreements has resulted in €2,399,280.26 in unpaid principal and €281,045.44 in interest, for a total of €2,680,325.70 or $3,041,901.64.[1]  (D.I. 1 ¶ 45, 55; 12 ¶¶ 5-6).  In support, Plaintiff submitted copies of the Loan Agreements, sworn declarations, and interest calculations. (*See* D.I. 1 & Exs. A-C; D.I. 6-1; D.I. 12).  That evidence is uncontroverted.  Thus, the Court finds that damages of $3,041,901.64 are appropriate.  *See Insight*, 2024 WL 1637320, at *3.

7.       Default Judgment will be entered against Defendant in the amount of $3,041,901.64.  Plaintiff is additionally entitled to post-judgment interest at a rate of 3.92%, to be calculated from the date of the judgment through the date of actual collection.  *See* 28 U.S.C. § 1961(a) ("Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.").  Plaintiff may also move for costs.  *See* Fed. R. Civ. P. 54(d)(1).

IT IS FURTHER ORDERED that Plaintiff shall mail a copy of this Memorandum Order and accompanying Default Judgment to Defendant and shall file a certificate of service evidencing the same.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

---

[1] The foreign exchange and interest calculations have been provided as of April 30, 2025. (*See* D.I 12 ¶ 6).  They remain the most up-to-date figures available to the Court, and, thus, the ones adopted herein.